UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. |
| v. : | 18-CR-316 (JCH) |
| : | |
| FRANK MOSS, : | JULY 17, 2019 |
| Defendant. : | |

**RULING RE DEFENDANT'S MOTION TO DISMISS (DOC. NO. 23)**

**I.  INTRODUCTION**

Now before the court is defendant Frank Moss' Motion to Dismiss (Doc. No. 23). Moss moves to dismiss the present Indictment pursuant to Federal Rule of Criminal Procedure 12(b) and the Second, Fifth, and Eighth Amendments to the United States Constitution.  See Motion to Dismiss Indictment (Doc. No. 23) at 1.  Moss argues that the statute under which he is charged is unconstitutionally vague, both on its face and as applied to him, and that the statute further violates both the Second and Eighth Amendments.

For the reasons that follow, the Motion to Dismiss is denied.

**II.  BACKGROUND**

The Indictment alleges that, between June 2017 and November 2017, Moss purchased 11 firearms.  See Indictment (Doc. No. 1)  ¶¶ 1–8.  Counts One through Eight of the Indictment charge Moss with making a false statement in connection with each purchase of eleven firearms, in violation of sections 922(a)(6) and 924(a)(2) of

1

title 18 of the United States Code.[1]  See id.  Counts Nine through Fifteen of the Indictment charge Moss with unlawful possession of the same firearms by a person who is an unlawful user of, or addicted to, any controlled substance, in violation of sections 922(g)(3) and 924(a)(2) of title 18 of the United States Code.  See id. ¶¶ 9–15.

## III.   DISCUSSION

### A.   Facial Vagueness Challenge

The main thrust of Moss' Motion to Dismiss is his argument that section 922(g)(3) is unconstitutionally vague on its face.  See Mem. in Supp. (Doc. No. 24) at 3.  Section 922(g)(3) provides that:

> it shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g).  Moss argues that a facial challenge to the statute is appropriate in this case because (1) the uncertainty of the statute "threatens to inhibit the exercise of constitutionally protected rights," see Mem. in Supp. at 4, and (2) the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551 (2015), establishes that a statute can be facially challenged when it is "hopelessly indeterminate," even if the challenger cannot establish that it is vague in all of its applications.  Mem. in Supp. at 5.

---

[1] In relevant part, Section 922(a)(6) provides that "it shall be unlawful . . . for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement."  18 U.S.C. § 922(a)(6).  Section 922(a)(2) provides that "[w]hoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.  18 U.S.C. § 924(a)(2).

The government responds that "[t]he case law makes clear that a facial challenge cannot be brought against [s]ection 922(g)(3)." Mem. in Opp. at 6.

Vagueness challenges like that of Moss are rooted in the Fifth Amendment's requirement that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." Johnson v. United States, 135 S. Ct. 2551, 2556 (2015). "[T]he Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Id.

Moss argues that, because section 922(g)(3) "plainly implicates the Second Amendment and thus triggers heightened Constitutional scrutiny," he may bring a facial challenge against the statute. See Mem. in Supp. at 4 (emphasis omitted) (citing New York State Rifle & Pistol Ass'n, Inc. v. Cuomo, 804 F.3d 242, 265 (2d Cir. 2015)). The court disagrees. Not all regulation concerning firearms automatically implicates Second Amendment rights. While the Second Circuit has noted that "[s]tatutes carrying criminal penalties or implicating the exercise of constitutional rights . . . are subject to a 'more stringent' vagueness standard than are civil or economic regulations," see New York State Rifle & Pistol Ass'n, Inc. v. Cuomo, 804 F.3d 242, 265 (2d Cir. 2015), the Court has also made clear that a threshold question in the Second Amendment context is "whether the challenged legislation impinges upon conduct protected by the Second Amendment," id. at 254.

The Supreme Court, in District of Columbia v. Heller, 554 U.S. 570 (2008), held that the Second Amendment conferred an individual right to keep and bear arms. However, the Court emphasized that "the right secured by the Second Amendment is

3

not unlimited," 554 U.S. at 626, and that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms," id. at 626–27; see also id. at 644 (Stevens, J., dissenting) (arguing that the majority "limit[ed] the protected class to 'law-abiding, responsible citizens'"). Thus, while Heller recognized a right to keep and bear arms in the home, it simultaneously recognized that longstanding prohibitions on the possession of firearms—like the one expressed in section 922(g)(3)— did not implicate that right. This court concludes, therefore, that the statute Moss seeks to challenge does not "impinge[ ] upon conduct protected by the Second Amendment," such that a facial challenge in the fundamental rights context is permissible. See NY State Rifle, 804 F.3d at 254.

Moss' second argument is that, following the Supreme Court's decision in Johnson, facial challenges may be brought outside of the fundamental rights context. Historically, the Supreme Court had held that a facial challenge could succeed "only if the [challenged] enactment is impermissibly vague in all of its applications." Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982). In Johnson, however, the Court concluded that its "holdings squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." Johnson, 135 S.Ct. at 2561.

Moss argues that Johnson stands for the proposition that facial challenges may be brought outside of the fundamental-rights context. See Mem. in Supp. at 5. However, that conclusion is, at best, an implied holding of the case. While the residual clause of the Armed Career Criminal Act ("ACCA") did not plainly implicate a

4

fundamental constitutional right, the Supreme Court did not expressly articulate a broad expansion of allowable facial challenges outside of Johnson's unique context.

Indeed, a fuller reading of Johnson makes clear that "much of the Court's analysis . . . deal[t] with a statute that is in key respects sui generis." United States v. Cook, 914 F.3d 545, 553 (7th Cir. 2019). In Johnson, the Supreme Court struck down as vague ACCA's "residual clause." See Johnson, 135 S. Ct. at 2563. That clause defined, as a "violent felony," any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. at 2555–56. The Court made clear that two unique features of the residual clause rendered it vague: (1) the difficulty in establishing the risk of physical injury posed by a "judicially imagined ordinary case" of an offense and (2) the application of an "imprecise serious potential risk standard . . . to a judge-imagined abstraction." Id. at 2557–58. To determine whether the residual clause applied in a particular case, courts first had to define a generic version of the charged offense and determine the potential risk of physical injury inherent in that abstract offense. Courts then had to determine whether the potential for risk in the abstract offense was "serious," such that it sufficed to categorically label the offense a "violent felony." See id. at 2557 ("Deciding whether the residual clause covers a crime thus requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury.").

The Supreme Court's vagueness concerns in Johnson, therefore, were specific to the indeterminacy caused by the combination of the clause's language and the categorical approach employed by courts in determining whether an offense is a

5

qualifying predicate felony under ACCA.  See Taylor v. United States, 495 U.S. 575, 602 (1990).  Indeed, the Court took great pains to differentiate the residual clause from "laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." Johnson, 135 S.Ct. at 2561 (concluding that, "as a general matter, we do not doubt the constitutionality of [such] laws . . . the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree." (second ellipses in original) (quotation omitted).

In a decision published after Johnson and the related case, Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Second Circuit adhered to the view that "[a] facial challenge is 'the most difficult challenge to mount successfully' because, as a general matter, 'the challenger must establish that no set of circumstances exists under which the Act would be valid.'" Copeland v. Vance, 893 F.3d 101, 110 (2d Cir. 2018) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)), cert. denied, No. 18-918, 2019 WL 234936 (U.S. June 17, 2019).[2]  In a footnote, the Second Circuit noted that "in certain exceptional circumstances not present here, a criminal statute may be struck down as facially vague even where it has some valid applications." Id. at 111 n.2 (emphasis added) (citing Johnson, 135 S.Ct. at 2557–60).

In his supplemental briefing, Moss argues that, insofar as Copeland references Johnson, the decision is "non-binding (and unpersuasive) dicta on an issue never briefed by the [Copeland] parties."  See Supplemental Memorandum ins Support of

---

[2] Neither the government nor Moss identified or analyzed Copeland or its relationship to Johnson in their original filings.  The court ordered additional briefing on the Copeland decision.  See Supplemental Memorandum in Support of Motion to Dismiss ("Def.'s Suppl. Br.") (Doc. No. 50); Government's Supplemental Brief ("Govt.'s Suppl. Br.") (Doc. No. 51).

6

Motion to Dismiss ("Def.'s Suppl. Br.") (Doc. No. 50) at 1.  The court disagrees.  First, the Copeland court's discussion of the correct standard to apply to facial challenges was not dicta.  The court found that "determining whether the plaintiffs' vagueness claim should be understood as an as-applied challenge or a facial challenge" was "key to deciding th[e] case." Copeland, 893 F.3d at 107.  While the plaintiffs in Copeland argued that their challenge to the relevant statute was "as applied," the Second Circuit disagreed, concluding that the challenge was in fact a facial challenge.  See id.  Indeed, the Second Circuit's view, that the "comprehensive" "no set of circumstances" standard applied, was the basis for its conclusion that "a facial challenger must show that every prior enforcement action against her was unconstitutional."  Copeland, 893 F.3d at 111.

There are clearly many circumstances in which the wording of section 922(g)(3) would be valid, including, for example, criminalizing possession of a firearm while under the influence of controlled substances, such as immediately after using heroin.  While Moss' arguments raise questions as to the continued viability of the "no set of circumstances" standard following Johnson, see Def.'s Suppl. Br. at 6–9, this court concludes that section 922(g)(3) does not qualify as an "exceptional circumstance[ ]," Copeland, 893 F.3d. at 111 n.2, like the statute before the Supreme Court in Johnson.  See Johnson, 135 S. Ct. at 2557 (noting that "[t]wo features of the residual clause conspire to make it unconstitutional").

Moreover, even if the "no set of circumstances" standard no longer applies to facial vagueness claims after Johnson, this court reads Copeland as standing for the proposition that any such expansion of the availability of facial challenges was limited. See Copeland, 893 F.3d at 111 n.2 ("[I]n certain exceptional circumstances not present

7

here, a criminal statute may be struck down as facially vague even where it has some valid applications."). Specifically, Copeland read Johnson as limiting the availability of facial challenges to criminal statutes to a unique set of circumstances present in cases involving the application of ambiguous standards to abstract, judge-defined crimes. This reading of Copeland comports with the Supreme Court's differentiation between ACCA's residual clause and "laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." Johnson, 135 S.Ct. at 2561. Section 922(g)(3) does not require courts to engage in any interpretation of abstract or "generic case" analysis, as did the categorical approach at issue in Johnson. Rather, section 922(g)(3) requires a determination of whether someone is a "user of" or "addicted to" a controlled substance in the context of real-world conduct. In light of the Second Circuit's analysis of Johnson, and Johnson's differentiation between the unique nature of the residual clause in the context of the categorical approach, see supra at 4–5, the court concludes that the "unique set of circumstances" allowing for a facial challenge in Johnson are absent in this case.[3] Moss' facial challenge is denied.

    B.    <u>As-Applied Vagueness Challenge</u>

Moss also brings an as-applied challenge to section 922(g)(3). "[T]he essence of an ordinary 'as-applied' claim, [is that] the challenger asserts that a law cannot constitutionally be applied to the challenger's individual circumstances. The claim is typically that the statute provided insufficient notice that her conduct was illegal." Copeland, 893 F.3d at 110.

---

[3] As the government noted in its Supplemental Brief, other courts have similarly held that Johnson's expansion of the availability of facial challenges was limited to the unique context of the categorical approach. See Govt.'s Suppl. Br. (Doc. No. 51) at 6–8 (collecting cases).

Here, the court is without the necessary facts to rule on such a challenge. Indeed, Moss states that the "anticipated facts of this case" warrant finding the statute vague as-applied to him. See Mem. in Supp. at 13. However, anticipated facts are little more than educated guesswork. The court is without any of those "facts." Nor does the court have any details as to Moss' alleged conduct, beyond the four corners of the Indictment, which is sufficiently, but not overly, detailed. Because the court has an insufficient factual basis upon which to decide the as-applied challenge at this stage, the challenge is denied without prejudice to renew at a later date.

    C.    Second Amendment Challenge

Moss further argues that section 922(g)(3) unconstitutionally violates the Second Amendment. See Mem. in Supp. at 11. He argues that the law goes "to the heart" of the Second Amendment by precluding the right to firearm ownership in the home for the purpose of self-defense. Id. The argument is without merit. As noted above, the Supreme Court specifically noted in Heller that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." Id. at 626–27. The government correctly cites to other Circuits that have held that section 922(g)(3) is constitutional under the Second Amendment. See Mem. in Opp. at 12–13; see also United States v. Seay, 620 F.3d 919, 925 (8th Cir. 2010) ("in passing § 922(g)(3), Congress expressed its intention to "keep firearms out of the possession of drug abusers, a dangerous class of individuals."); United States v. Dugan, 657 F.3d 998, 999 (9th Cir. 2011) ([W]e see the

9

same amount of danger in allowing habitual drug users to traffic in firearms as we see in allowing felons and mentally ill people to do so."); United States v. Yancey, 621 F.3d 681, 686 (7th Cir. 2010) ("[T]he connection between chronic drug abuse and violent crime . . . illuminate[s] the nexus between Congress's attempt to keep firearms away from habitual drug abusers and its goal of reducing violent crime."). The court finds the cited cases persuasive, and nothing in Moss' argument convinces this court that it should "depart company from every other court to examine [section] 922(g)(3) following Heller" in finding that the provision is constitutional. Seay, 620 F.3d at 925.

Because the court concludes that a conviction under section 922(g)(3) falls within the presumptively valid "longstanding prohibitions" excluded from Second Amendment protection in Heller, Moss' Second Amendment challenge to the Indictment is denied.

### D.    Eighth Amendment Challenge

Finally, Moss argues that the Indictment violates the Eighth Amendment to the United States Constitution. Moss argues that section 922(g)(3) "criminalizes not any unlawful action . . . but rather [Moss'] status." See Reply at 9. Citing to Robinson v. California, 370 U.S. 660, 667 (1962), Moss argues that section 922(g)(3) criminally punishes persons addicted to controlled substances "merely for being addicted to a controlled substance." Mem. in. Supp. at 12. Moss concedes that "[a]n addict who commits an affirmative illegal act" may constitutionally be punished. See id. (quoting Smith v. Follette, 445 F.2d 955, 961 (2d. Cir. 1971). He argues, however, that "mere ongoing possession of a handgun" is not sufficient to be an "affirmative illegal act." Id.

The government responds that Robinson is inapposite, because that case dealt with an offense that criminalized the offense of being addicted to the use of narcotics.

10

See Mem. in Opp. at 17. Moreover, the government argues that section 922(g)(3) "punishes the affirmative action of possession of a firearm while being . . . addicted to a controlled substance." Id. at 18.

The court finds the government's argument persuasive. The criminal law often views "mere possession" as an affirmative act subject to criminal penalty. Possession under one circumstance—for example with a prescription—may be legal, whereas possession in another circumstance—without a prescription—may be illegal. An example of such a situation would be a comparison of post-surgery oxycodone use under direction of a physician, with use of oxycodone purchased illegally and without a prescription. Section 922(g)(3) punishes an affirmative act of possession of a firearm under the condition that a person is addicted to, or a user of, a controlled substance. It does not punish someone merely for being a user of, or addicted to, such a substance. Moss' Eighth Amendment challenge is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, Moss' Motion to Dismiss (Doc. No. 23) is **DENIED**.

**SO ORDERED**

Dated at New Haven, Connecticut this 17th day of July 2019.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge